# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN L. JETER, et al., Individually and as Class Representatives on Behalf of All Similarly Situated Persons, | )<br>)<br>)<br>) Case No. 12-CV-411-TCK-PJC |
| Plaintiffs, | ) Base File<br>) |
| and | )<br>) |
| JAMES D. ENLOE, et al., Individually and as Class Representatives on Behalf of All Similarly Situated Persons, | )<br>)<br>)<br>)<br>) Consolidated with:<br>) |
| Consolidated Plaintiffs, | ) Case No. 15-CV-455-TCK-TLW<br>) |
| v. | )<br>) |
| BULLSEYE ENERGY, INC., et al., | )<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are (1) the Joint Motion for Preliminary Approval of Settlement Agreement With Defendant Bullseye Energy, Inc., et al., for Certification of a Settlement Class, and for Approval of Notice of Settlement and Plan of Notice ("Motion for Preliminary Approval") (Doc. 244), which was filed on behalf of Plaintiffs Kevin L. Jeter and Joe A. Jeter (the "Jeters") and Defendants Bullseye Energy, Inc., CEP Mid-Continent, LLC, KRS&K, an Oklahoma Partnership, Gashoma, Inc., Purgatory Creek Gas, Inc., Redbird Oil, an Oklahoma partnership, Wild West Gas, LLC, White Hawk Gas, Inc., Robert M. Kane, Louise Kane Roark, Ann Kane Seidman, Mark Kane, Pamela Brown, and Gary Brown; (2) the Response in Objection to Motion for Preliminary Approval of Settlement Agreement by Non-moving Plaintiffs (Doc. 249) ("Response in Objection"), which was filed by Plaintiffs Barbara Lucas, James H. Miller, Sharon Rigsby Miller, Larry Smith, Janice

Sue Parker, James D. Enloe, Carolyn R. Enloe, and Scott Bailey, individually and as putative class representatives on behalf of all similarly-situated persons (the "Objecting Plaintiffs"); and (3) the Motion for Appointment of Independent Evaluator of Proposed Settlement ("Motion for Appointment") (Doc. 250) filed by the Objecting Plaintiffs.

In their Response in Objection to the Motion for Preliminary Approval, the Objecting Plaintiffs note that only two of the ten named Plaintiffs desire to settle this action on behalf of the proposed class. They contend the proposed settlement does not adequately compensate Plaintiffs or class members and that it gives preferential treatment to the Jeters by awarding them a Class Representative fee of up to $21,000. The Objecting Plaintiffs also object to the Declaration of Paul DeMuro ("DeMuro") (Doc. 245-1), which was submitted by the Jeters in support of the Motion for Preliminary Approval. The Objecting Plaintiffs suggest that DeMuro's opinion as to fairness of the proposed settlement "does not lend itself to a view of independence," because he was retained by the Jeters. (Doc. 245, at 8; Doc. 250, at 2.) In their Motion for Appointment, the Objecting Plaintiffs contend that if the Court finds testimony and evaluation from an expert would be of benefit at the preliminary approval stage, it should appoint an independent expert to review the proposed settlement.

A court may appoint an independent evaluator if it finds an independent assessment of the proposed settlement would be beneficial to determine the fairness, reasonableness, and adequacy of specific aspects of the settlement. *See* WILLIAM RUBENSTEIN, NEWBERG ON CLASS ACTIONS ("NEWBERG") § 13.40 (5th ed. 2017). Such an assessment may be useful in certain cases where there are no objectors or objectors are unrepresented by counsel, because "absent objectors, the court is presented information representing only one side of the issue (pro-settlement), and even if

2

objectors appear and argue against the settlement, the pro-settlement presentation is typically far stronger. Hence, the court often lacks the information necessary to make a truly informed decision." (*Id.*) A court may also benefit from an independent evaluation in cases with "a sparse record." MANUAL FOR COMPLEX LITIG. § 21.644 (4th ed. 2004).

However, neither condition applies here. Defendants' counsel has advised the Court that the Objecting Plaintiffs participated in a lengthy settlement conference and follow-up conference with Magistrate Judge Lane Wilson before the proposed settlement was reached. The Objecting Plaintiffs are represented by competent counsel, which is capable of providing the Court with further information as to the fairness and reasonableness of the proposed settlement. *See* NEWBERG § 13.40 (noting that objections "provide the court an adversarial presentation of the issues under review, bringing the decision-making process closer to a familiar judicial decision"). The Motion for Preliminary Approval will be set for hearing, and the Objecting Plaintiffs therefore will have an opportunity to present their objections and evidence before the Court determines whether to grant preliminary approval to the proposed class settlement. Accordingly, the Court finds that an independent evaluator is not needed at this stage.

The Objecting Plaintiffs' Motion for Appointment (Doc. 250) is DENIED. The Motion for Preliminary Approval (Doc. 244) is set for hearing on March 7, 2018 at 1:30 p.m. in District Courtroom 245 located at Federal Building, 224 S. Boulder Ave., Tulsa, Oklahoma.

**SO ORDERED this 14th day of February, 2018.**

*/s/ Terence Kern*
**TERENCE KERN**
**United States District Judge**