IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KEVIN JETER, | ) | |
| JOE A. JETER, | ) | |
| BARBARA LUCAS, | ) | |
| JAMES H. MILLER, | ) | |
| SHARON RIGSBY MILLER, | ) | Case No. 12-CV-411-TCK-FHM |
| LARRY SMITH, | ) | |
| JANICE SUE PARKER, | ) | |
| individually and as Class Representatives | ) | |
| on Behalf of All Similarly-Situated Persons, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BULLSEYE ENERGY INC., | ) | |
| CEP MID-CONTINENT, LLC, | ) | |
| KRS&K, an Oklahoma Partnership, | ) | |
| GASHOMA, INC. | ) | |
| PURGATORY CREEK GAS, INC., | ) | |
| REDBIRD OIL, an Oklahoma Partnership, | ) | |
| WILD WEST GAS, LLC, | ) | |
| WHITE HAWK GAS, INC., | ) | |
| FOUNTAINHEAD, LLC, | ) | |
| ROBERT M. KANE, | ) | |
| LOUISE KANE ROARK, | ) | |
| ANNE KANE SEIDMAN, | ) | |
| MARK KANE, | ) | |
| PAMELA BROWN, | ) | |
| GARY BROWN, | ) | |
| | ) | |
| Defendants. | | |

and

| | | |
|---|---|---|
| KEVIN JETER, | ) | |
| JOE A. JETER, | ) | Case No. 15-CV-455-TCK-JFJ |
| BARBARA LUCAS, | ) | |
| JAMES H. MILLER, | ) | |
| SHARON RIGSBY MILLER, | ) | |
| LARRY SMITH, | ) | |
| JANICE SUE PARKER, | ) | |
| JAMES D. ENLOE, | ) | |
| CAROLYN R. ENLOE, and | ) | |

| | |
|---|---|
| SCOTT BAILY, | ) |
| individually and as Class Representatives | ) |
| on Behalf of All Similarly-Situated Persons, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| CEP MID-CONTINENT, LLC, | ) |
| ROBERT M. KANE, | ) |
| LOUISE KANE ROARK, | ) |
| ANNE KANE SEIDMAN, | ) |
| MARK KANE, | ) |
| PAMELA BROWN, and | ) |
| GARY BROWN, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is the Motion to Reconsider Orders of August 5 and 7, 2019 filed by defendants Bullseye Energy, Inc. (now Bullseye Energy, LLC); CEP Mid-Continent, LLC; KRS&K; Robert M. Kane; Louise Kane Roark; Ann Kane Seidman; Mark Kane, Pamela Brown; and Gary Brown ("Defendants"). Doc. 328. Plaintiffs oppose the motion. Doc. 329.

On July 22, 2019, the Court entered its Opinion and Order denying the Joint Motion for Final Approval of Settlement Agreement filed by Defendants and Plaintiffs Kevin Jeter and Joe A. Jeter ("the Jeters"). Doc. 324. On August 5, 2019, the Court entered its Order striking Defendants' Motion to Strike Proposed Amended Class Definition as moot in light of the Court's July 22, 2019 Opinion and Order, and on August 7, 2019, the Court entered its Order striking Plaintiffs' Motion for Class Certification against Defendants as moot in light of the Court's July 22, 2019 Opinion and Order. Docs. 324, 326, 327.

2

Defendants argue that neither Plaintiffs' Motion for Class Certification against Defendants, nor Defendants' Motion to Strike Proposed Amended Class Definition are rendered moot by reason of the Court's July 22 Opinion and Order.

A motion to reconsider may be considered on the following grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995)). In other words, when the court has "misapprehended the facts, a party's position, or the controlling law," a motion to reconsider is appropriate. *Id.; see Syntroleum Corp.,* 2009 WL 761322, at *1. Parties' efforts to "revisit issues already addressed or advance arguments that could have been raised in prior briefing" will not be considered. *Maul,* 2006 WL 3447629, at *1.

The Motion for Class Certification was filed on August 12, 2016. Doc. 219. As the Court previously noted, since that time, there have been significant developments in case law concerning both the merits of Plaintiffs' claims and the likelihood of class certification surviving on appeal. *See Naylor Farms v. Chaparral Energy, LLC*, 923 F.3d 779, 784 (10th Cir. 2019). Doc. 324 at 5-6. *See also Pummill v. Hancock Expl. LLC*, 419 P.3d 1268, 1271, 1276-78 (Okla. Civ. App. 2018). In addition, counsel for the previous class representatives was removed and counsel for the non-settling plaintiffs was appointed as interim class counsel. Docs. 299, 323. Finally, the damages analysis upon which the proposed settlement is based is outdated, and class members argue they are owed at least three additional years of royalty payments. Doc. 324 at 4.

Given the developments in applicable law, the change in class representatives and the staleness of existing discovery, the Court stands by its previous rulings. Defendants' Motion to Reconsider (Doc. 329) is denied.

The parties are directed to submit a status report, including proposed deadlines, by October 21, 2019.

ENTERED this 23rd day of September, 2019.

TERENCE C. KERN
United States District Judge