IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN L. JETER, JOE A. JETER, BARBARA LUCAS, JAMES H. MILLER, SHARON RIGSBY MILLER, LARRY SMITH, and JANICE SUE PARKER, individually and as Class Representatives on Behalf of All Similarly-Situated Persons,<br><br>   Plaintiffs,<br><br>and<br><br>JAMES D. ENLOE, CAROLYN R. ENLOE, and SCOTT BAILEY, individually and as Class Representatives on Behalf of All Similarly-Situated Persons,<br><br>   Consolidated Plaintiffs,<br><br>v.<br><br>BULLSEYE ENERGY, INC., CEP MID-CONTINENT, L.L.C., KRS&K, an Oklahoma partnership, ROBERT M. KANE, LOUISE KANE ROARK, ANN KANE SEIDMAN, MARK KANE, PAMELA BROWN, and GARY BROWN,<br><br> Defendants / Consolidated<br>   Defendants. | Case No. 12-CV-411-TCK-CDL<br><br>BASE FILE<br><br><br>Consolidated with:<br><br><br>Case No. 15-CV-455-TCK-JFJ |

**MOTION TO WITHDRAW AS COUNSEL FOR JAMES MILLER,
SHARON RIGSBY MILLER AND BARBARA LUCAS**

Comes now Kevin Adams and request an order from this Court allowing his withdraw from further representation of James Miller, Sharon Rigsby Miller and Barbara Lucas. In support of this motion counsel shows the Court the following:

## Factual Basis For This Request

1. This matter was originally filed on July 24, 2012. Undersigned counsel was one of the original lawyers on this case.

2. However, because this case was filed as a potential class action, counsel was never lead counsel on this matter until after the class certification was denied and the Court allowed Richard M. Paul III and Laura Fellows to withdraw on September 16, 2024. (Doc. 443 and 442)

3. Once Richard Paul and Laura Fellows withdrew, undersigned counsel took possession of the case file and began reviewing and relearning the case.

4. This matter was stayed on August 17, 2020 because Defendant B*ullseye Energy, Inc*. filed for Chapter 11 bankruptcy protection in Northern District of Oklahoma Bankruptcy Case No. 20-11144-M. (Doc. 343)

5. During the course of the bankruptcy case, the Plaintiff James Miller hired other counsel and filed a *Motion to Dismiss or in the Alternative to Abstain* (See I*n Re Bullseye Energy, LLC.*, Northern District of Oklahoma Bankruptcy case No. 20-11144-M, Doc. 60). Plaintiff James Miller also filed a Proof of Claim against Bullseye Energy, Inc. claim 118 on December 7, 2020. (*See Attached Exhibit A*) Undersigned counsel did not represent Plaintiff James Miller in the bankruptcy or have any involvement as an attorney in the bankruptcy.

6. In his proof of claim Plaintiff James Miller made a claim for $318,376.68. Counsel has thoroughly reviewed the evidence in this case, the amounts claimed,

the calculations and the check stubs attached to the claim and has concluded that there is no basis in fact to support the exaggerated amounts of Mr. Miller's claim. It is counsel's belief that his client has filed a fraudulent bankruptcy claim in a related case concerning the same claims involved in this lawsuit.

    a. For example in his claim, on page 4, Mr. Miller claimed $5,732.54 for his loss on the Jimmy Miller #1 well for 2004; this amount is within 3 cents ($5,732.57) of what he was paid in royalties for the entire year of 2004. Comparing what Mr. Miller was paid to the "Henry Hub" prices (that he attached to his claim as a justification for his claim) demonstrates that even if the Plaintiffs' theory of the case prevailed that Mr. Miller would have had a claim less than half [1]of $5,732.54 he claimed for 2004.

    b. In 2005, on page 27, of his claim, Mr. Miller claimed that he was owed $10,679.20 for his loss on the Jimmy Miller #1 well. Comparing the difference that Mr. Miller was paid to the "Henry Hub" prices that Mr. Miller attached to the claim to justify his "loss", demonstrate that even if the Plaintiff's theory was accepted that Mr. Miller's claim would be almost half of what he claimed for 2005.

    c. In 2008, on page 46, Mr. Miller claimed his loss for the Jimmy Miller #1 well was $9,122.44, comparing the difference with the "Henry Hub" prices used to justify his claim (pages 58 and 59) with what Mr. Miller was paid on the Jimmy

---

[1] Older large loss amounts are worth much more money because of the 12% interest and the years this case has been pending.

Miller #1 well and multiplying this amount by the volume of that well, could only justify a claim of approximately $4,000 less than what Mr. Miller claimed his loss was for 2008.

7. Mr. Miller is a very knowledgable with a lot of experience in the oil and gas business and counsel has discussed this case extensively with Plaintiff James Miller since 2012. Counsel has also been involved in dozens of conversations with James Miller with other counsel where he demonstrated extensive knowledge concerning oil and gas in general and this case specifically. Plaintiff James Miller testified on October 26, 2020 in the bankruptcy proceeding that:

> I've been in the oil and gas business approximately forty years. ...I started in the Panhandle of Texas as a roustabout, and then a pumper, and then moved up into production. From there I went to Saudi Arabia, worked as a subcontractor for Aramco. And then to the northeast part of Oklahoma.
>
> (Movant's Motion To Dismiss Or In The Alternative to Abstain, pg. 141, line 12 through 20, October 26, 2020)

8. Counsel met with Mr. Miller to discuss the discrepancies in his bankruptcy claim, and without revealing the conversation, counsel's belief that Mr. Miller fraudulently submitted his bankruptcy claim continued after meeting that meeting.

9. Barbara Lucas is also a plaintiff in this case. Ms. Lucas was one of the original Plaintiff's in this case and at the time of the filing of this case was close friends with Mr. Miller.

10. Counsel has not heard from Ms. Lucas in years. Ms. Lucas was never represented by Richard Paul and Laura Fellows and has been inactive in this car for some time. Counsel has been told by Ms. Lucas' daughter that she is in a home, has dementia and is unable to conduct her own affairs. Ms. Lucas' daughter, Shawnee Slaughter, has also sent undersigned counsel photographs of a durable power of attorney over Ms. Lucas.

11. After speaking to Ms. Lucas' daughter counsel learned that a Petition for an Accounting of Trust and Removal of Trustee, in Washington County Case *Paula Lucas Giroir as Alternative Co-Trustee v. Barbara S. Lucase, individually as Trustee of the Clark J Lucas Revocable Trust, PT-2019-5* was filed on June 11, 2019 and involves the lease that are the subject matter of Ms. Lucas's claim.  (See *Attached Exhibit B*)

12. On page 5 of petition (See *Attached Exhibit B*) it discusses property located at Section 18, Township 28 N, Range 14 E., this property has a gas lease on it that is part of the subject matter of this lawsuit. This lease is recorded Document # 22605 Book 0921 Pg 0009 in the Washington County land records and is associated with the Clark J Lucas Trust.

13. As described on page 5 paragraph 13 of the Petition on November 10, 2014 Ms. Lucas improperly conveyed property from the "Clark J Lucas Trust A" to her daughter Shawnee Slaughter and her son-in-law.

14. Ms. Lucas' daughter informs counsel that her mother was removed as trustee to the lark J Lucas Trust A".

15. It appears to counsel that his services were used, at least in part, in an attempt to commit a fraud upon the Court. It also appears to counsel that at the time the Second Amended Complaint was filed on October 19, 2015 that Ms. Lucas had already wrongfully conveyed the property that the lease was on, out of the "Clark J Lucas Trust A". Counsel believes that not only did Ms. Lucas use his services to commit a fraud, but counsel also believes Ms. Lucas is not a real party in interest in this matter.

## Legal Basis For This Request

Counsel begins by arguing to the Court that the basis for his requested withdraw from further representation of Mr. Miller is not "confidential" because it is an under oath sworn statement filed in an associated bankruptcy case and that counsel has a duty **Fairness to Opposing Party and Counsel** (*Oklahoma Rules of Professional Responsibility Rule 3.4 (b)*) and a duty of **Candor Toward the Tribunal** (Oklahoma Rules of Professional Responsibility Rule 3.3 (A)(3) and (4))

However, even if the basis to withdraw were confidential, counsel argues that undersigned counsel would be justified in revealing the information under the Oklahoma Rules of Professional Responsibility Rule 1.6 (b)(2)(ii) which allows counsel to reveal information to "prevent the client from committing" "...a fraud

that is reasonably certain to result in substantial injury to the financial interests or property of another and in furtherance of which the client has used or is using the lawyer's services."

Counsel also believes that even if this information were confidential that would also be justified in revealing this information based upon the Oklahoma Rules of Professional Responsibility Rule 1.6 (b)(3) which reads:

> to prevent, mitigate or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services, provided that the lawyer has first made reasonable efforts to contact the client so that the client can rectify such criminal or fraudulent act, but the lawyer has been unable to do so, or the lawyer has contacted the client and called upon the client to rectify such criminal or fraudulent act and the client has refused or has been unable to do so;

Counsel also argues that he should be allowed to withdraw from further representation of both Plaintiffs James Miller and Barbara Lucas based upon Oklahoma Rules of Professional Responsibility Rule 1.16 (b)(2) and (3) which read that "a lawyer may withdraw from representing a client if:"

> (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
> (3) the client has used the lawyer's services to perpetrate a crime or fraud;

Counsel has no reason to believe that Plaintiff Sharon Rigsby Miller has done anything wrong, however counsel is requesting to withdraw from further representation of her because the basis of her claims come from her husband James

Miller's lease and that counsel does not see how he can possible represent her given the situation between counsel and her husband.

## Conclusion

Therefore, for the foregoing reasons counsel request that this court enter an order allowing undersigned counsel to withdraw from further representation of Plaintiffs James Miller, Sharon Rigsby Miller and Barbara Lucas.

Respectfully Submitted:

/s/Kevin D Adams

_____

Kevin D. Adams (OK Bar No. 18914)
36 East Cameron Street, #16
Tulsa, Oklahoma 74103
Telephone: (918) 582-1313
Facsimile: (918) 777-4277
kadams@lawyer.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2024, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic filing to the following ECF registrants:

J. Kevin Hayes
Pamela Anderson
Brian T. Inbody
Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.
521 East Second Street, Suite 1200
Tulsa, OK 74103

James Miller
Sharon Rigsby Miller
7550 N. 4030 Rd.
Wann, OK 74083

Barbara Lucas
403070 W 700 Rd.
Wann, OK 74083

Shawnee Slaughter
403070 W 700 Rd.
Wann, OK 74083

/s/ Kevin D Adams
_____
Kevin D. Adams