# United States District Court

## for the Northern District of Oklahoma

-----

Case No. 12-cv-411-JDR-CDL

CONSOLIDATED WITH

Case No. 15-cv-455-JDR-JFJ

-----

KEVIN L. JETER; JOE A. JETER; BARBARA LUCAS; JAMES H. MILLER; SHARON RIGSBY MILLER; LARRY SMITH; JANICE SUE PARKER,

*Plaintiffs,*

*versus*

WILD WEST GAS, LLC; WILD WEST GAS, INC.; BULLSEYE EN-ERGY, LLC; FOUNTAINHEAD, LLC; KRS&K; CEP MID-CONTI-NENT, LLC; ROBERT M. KANE; LOUISE KANE ROARK; ANN KANE SEIDMAN; MARK KANE; PAMELA BROWN; GARY BROWN; GASHOMA, INC.; PURGATORY CREEK GAS, INC.; REDBIRD OIL; WHITE HAWK GAS, INC.,

*Defendants.*

— *and* —

KEVIN L. JETER; JOE A. JETER; BARBARA LUCAS; JAMES H. MILLER; SHARON RIGSBY MILLER; LARRY SMITH; JANICE SUE PARKER; JAMES D. ENLOE; CAROLYN R. ENLOE; SCOTT BAILY,

*Consolidated Plaintiffs,*

*versus*

CEP MID-CONTINENT, LLC; ROBERT M. KANE; LOUISE KANE ROARK; ANN KANE SEIDMAN; MARK KANE; PAMELA BROWN; GARY BROWN,

*Consolidated Defendants.*

-----

OPINION AND ORDER

-----

No. 12-cv-411
c/w No. 15-cv-455

After prevailing on multiple claims by numerous plaintiffs, Defendants Bullseye Energy, Inc., KRS&K, and CEP Mid-Continent moved to recover their attorneys' fees from some (but not all) of the plaintiffs in this case. Dkt. 557 at 1.[1] They later moved to supplement that motion to remove some fees and add others. Dkt. 567. After reviewing both motions, the accompanying briefs and exhibits, and the extensive record in this case, the Court concludes that attorneys' fees should be awarded to the moving Defendants, but not to the extent requested. The Court therefore denies Defendants' motion to supplement [Dkt. 567], grants the motion for fees in part [Dkt. 557], and holds that Defendants are entitled to recover $352,432.43 in attorneys' fees from Mr. Miller, Mrs. Miller, Mr. Smith, and Ms. Parker. Of that amount, Mr. Smith and Ms. Parker are responsible for no more than $343,914.43.

I

After spending over ten years and $1.5 million dollars defending against claims for alleged breaches of contract, fraud, and RICO violations, Defendants Bullseye Energy, Inc., KRS&K, and CEP Mid-Continent, LLC,[2] successfully resolved all the claims asserted against them. Some of these claims were resolved by settlement, while others were resolved by Court orders, including an order granting judgment as a matter law on all of the claims

---

[1] Although the docket indicates the motion was filed on behalf of nine defendants, the motion itself represents that only Bullseye, KRS&K, and CEP seek an award of fees. Dkt. 557 at 1. Furthermore, the supporting declaration indicates that "Bullseye, KRS&K, and CEP jointly incurred total attorneys' fees in this matter of $1,626,477.14" and that "Bullseye, KRS&K, and CEP" are [the parties] seeking an award of attorneys' fees" from the plaintiffs. Dkt. 557-1 at ¶¶ 9, 30-33. The Court concludes that the motion was filed on behalf of Bullseye, KRS&K, and CEP, and no other parties.

[2] Over its fourteen-year history, this case has involved many parties, most of whom did not bring and were not named in this motion. The Court uses "Defendants" to refer to the moving parties (Bullseye Energy, CEP, and KRS&K) and "Plaintiffs" to refer to the individuals who are the subject of this motion (James Miller, Sharon Miller, Barbara Lucas, Larry Smith, Janice Sue Parker, James Enloe, Carolyn Enloe, and Scott Bailey).

No. 12-cv-411
c/w No. 15-cv-455

that remained and were presented at trial. *See* Dkts. 498, 500, 501, 529, 548, 549, 555.[3]

Following the entry of final judgment [Dkt. 556], Bullseye, KRS&K and CEP asked the Court to award $1,616,477.14 in attorneys' fees against James and Sharon Miller; $1,553,627.80 against Barbara Lucas; $1,577,408.22 against Larry Smith and Janice Parker; and $1,418,535.49 against James Enloe, Carolyn Enloe, and Scott Bailey. Dkt. 557 at 18. CEP also requested $90,091.27 in attorneys' fees against Plaintiffs James Miller, Sharon Miller, Larry Smith, and Janice Parker, which purportedly reflects the fees incurred following an offer of judgment made to those Plaintiffs. *Id.*

Mr. Miller—and only Mr. Miller—opposed Defendants' motion. Dkt. 563. Later, Defendants moved to amend and supplement their motion for fees. In that filing, Defendants asked to increase the award of fees by $9,696.30, an amount that they arrived at by eliminating some fees associated with non-fee-bearing RICO claims and adding charges associated with computerized research. Dkt. 567. That motion was also opposed.

Defendants' motion and associated supplement raise the following issues, only some of which are addressed in detail by the parties: First, how should the Court address the fact that only one of several Plaintiffs opposed Defendants' motion for fees? Second, what are the merits of the objections raised by Mr. Miller? Third, should Defendants' motion to supplement be considered in the Court's determination of fees? And fourth, what is an appropriate award of fees in this case, particularly in view of the fact that some of the fees Defendants seek to recover are associated with settled claims, settling parties, dismissed defendants, and non-fee bearing claims?

---

[3] All citations use CM/ECF pagination.

No. 12-cv-411
c/w No. 15-cv-455

## II

The Court begins with the first question: How should the Court address the fact that only James Miller opposed Defendants' motion for fees? As Defendants correctly note, Mr. Miller has been reminded on numerous occasions that he is not a lawyer and may not advocate for or file documents on behalf of any other party. Nevertheless, Mr. Miller purports to challenge Defendants' supplement on behalf of all Plaintiffs. *See* Dkt. 568 at 14. This he cannot do. *See* 28 U.S.C. § 1654 (permitting plaintiffs to "conduct their own cases personally or by counsel"); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (holding that the pro se litigant had right to appear on his own behalf but did not have the right to represent his daughters). Mr. Miller's arguments are his own, and they may not be imputed to the other Plaintiffs who are the subject of Defendants' motions.

This does not mean, however, that the Court must accept Defendants' motions wholesale. Under the statutes purportedly applicable in this case, the prevailing party may recover only "reasonable" attorneys' fees. Okla. Stat. tit. 12, § 936.A; Okla. Stat. tit. 12, § 1101.1.B; Okla. Stat. tit. 52, § 570.14.C. It is the Court's role to determine what constitutes a reasonable, proper fee award. *See Spencer v. Oklahoma Gas & Elec. Co.*, 2007 OK 76, ¶ 13, 171 P.3d 890, 895 ("In all cases, the attorney fees must bear some reasonable relationship to the amount in controversy."); *Shadoan v. Liberty Mut. Fire Ins. Co.*, 1994 OK CIV APP 182, ¶ 15, 894 P.2d 1140, 1144, *corrected* (Jan. 11, 1995), *overruled on other grounds by Hamilton v. Northfield Ins. Co.*, 2020 OK 28, ¶ 15, 473 P.3d 22 ("As in every attorney fee case, [the] trial court retains discretion to determine the proper amount of an attorney fee award."). Thus, the Court must independently determine what a "reasonable" award would be, regardless of whether a formal objection has been raised by all parties subject to Defendants' motion. *E.g., Lane v. Sunoco, Inc. (R&M)*, No. 03-cv-760-FHM, 2006 WL 8457138, at *1 (N.D. Okla. May 9, 2006) (declining to deem motion

4

No. 12-cv-411
c/w No. 15-cv-455

for fees admitted and recognizing the court's independent "obligation to review fee requests to ensure they are reasonable"); *Ellison v. GAB Robins, Inc.*, No. CIV 02-127 MV/LFG, 2006 WL 8444544, at *10 (D.N.M. Jan. 26, 2006) (recognizing that, although the defendant did "not object to the proposed hourly rate" for four associates, the court had "an independent obligation to ensure that the requested hourly rates and fees are reasonable").

### III

The Court next turns to Mr. Miller's objections. Mr. Miller appears to agree that at least some of Defendants' claims are subject to the fee-shifting provision of the Production Revenue Standards Act. *See* Dkt. 563 at 2, 4 (recognizing that Plaintiffs alleged violations of the PRSA, which permits prevailing parties to recover reasonable attorneys' fees). Nevertheless, he contends that Defendants' motion is premature because the case remains on appeal. *See id.* at 4; Dkt. 568 at 11. In addition, he argues that attorneys' fees should not be awarded when a plaintiff's claims are well-grounded in fact and law and there is no evidence of bad faith or vexatious conduct.[4] *See* Dkt. 568 at 8-11.

The Court overrules Mr. Miller's objection that the motion for fees is premature. Contrary to Mr. Miller's arguments, a trial court may enter an award of attorneys' fees while a case is pending appeal. The resolution of a motion for attorneys' fees is "a procedural and ministerial function over which the district court retains jurisdiction even if an appeal is pending." *See Harris Mkt. Rsch. v. Marshall Mktg. & Commc'ns, Inc.*, 948 F.2d 1518, 1526 n.3 (10th Cir. 1991) (rejecting argument that the district court was without jurisdiction over motion for attorneys' fees due to pending appeal). The decision to award fees is "perhaps the paradigmatic example of a collateral issue a

---

[4] Mr. Miller also challenged Defendants' ability to recover fees associated with the RICO claims and charges associated with computerized research. Dkt. 568 at 7. Those issues are addressed in Sections IV and V, *infra*.

5

No. 12-cv-411
c/w No. 15-cv-455

district court may entertain after an appeal has been taken." *McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010). This Court has authority to address Defendants' motion for fees despite the pending appeal.

The Court likewise rejects Mr. Miller's argument that attorneys' fees cannot be granted in the absence of bad faith or litigation misconduct. The American Rule, which governs the recovery of attorneys' fees in Oklahoma, "provides that courts are without authority to award attorney fees *in the absence of a specific statute* or a contractual provision allowing the recovery of such fees, with certain exceptions." *Barnes v. Oklahoma Farm Bureau Mut. Ins. Co.*, 2000 OK 55, ¶ 46, 11 P.3d 162, 179, *as corrected* (Jan. 16, 2001) (emphasis added) (citing *TRW/Reda Pump v. Brewington*, 1992 OK 31, ¶ 13, 829 P.2d 15, 22).[5] A court's ability to award attorneys' fees when a party acts in bad faith or vexatiously is an exception to the American Rule that applies even *in the absence of* a specific statute. *See id.* at ¶ 50, 11 P.3d at 180. It is not a hurdle that must be cleared *even when* a specific statute expressly authorizes the recovery of attorneys' fees.

Here, a statute specifically permits prevailing parties to recover reasonable attorneys' fees incurred for claims brought under the PRSA. *See* Okla. Stat. tit. 52, § 570.14.C. The statute does not limit recovery to those cases in which the losing party acted in bad faith. To the contrary, it provides that the "prevailing party in *any* court proceeding brought pursuant to the [PRSA] *shall be entitled* to recover the costs of the suit, including . . . reasonable attorney and expert witness fees." *Id.* (emphasis added). The language of the statute is mandatory. Because Mr. Miller acknowledges that Plaintiffs' claims for

---

[5] *See Pioneer Equip. Rental, L.L.C. v. W.S. Bowlware Const., Inc.*, 2008 OK CIV APP 32, ¶ 7, 180 P.3d 694, 696 (recognizing that, while attorneys' fees are ordinarily not recoverable absent a statutory or contractual provision authorizing the award of those fees, a narrow exception to that rule exists when a party "acts in bad faith, vexatiously, wantonly, or in an oppressive manner").

No. 12-cv-411
c/w No. 15-cv-455

nonpayment and underpayment of royalties were brought under the PRSA, and because Defendants prevailed with respect to all claims asserted under that statute, Defendants are entitled to recover the fees they reasonably incurred in the defense of those claims.

## IV

Having determined that Defendants may recover some fees, the Court must now determine whether it should consider only Defendants' original fee request, or whether it should consider the additional expenses in Defendants' motion to amend.[6] *See* Dkt. 557 (filed February 5, 2026); Dkt. 567 (filed April 10, 2026). Defendants' original motion was filed within the timeframe set forth by Rule 54 of the Federal Rules of Civil Procedure. The motion to amend, however, was not filed within prescribed fourteen-day filing period. *See* Fed. R. Civ. P. 54(d)(2)(B) (requiring motions for fees to be filed "no later than 14 days after the entry of judgment").

The Court denies Defendants' motion to supplement as untimely. Defendants provide little explanation for their failure to include legal research expenses in their original request. At most, they argue that they recently became aware of a 2004 opinion that justified the inclusion of these expenses. Dkt. 567 at 2. But they do not explain why they were unable to locate this twenty-year-old opinion earlier, nor do they explain why they failed to make a good-faith argument for the inclusion of their electronic research expenses in their original motion. Absent such a showing, the Court finds no reason to depart from the Federal Rule's requirement that a motion for fees stating the amount sought (or a fair estimate thereof) must be filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). Defendants' motion to supplement their original motion for fees to include additional expenses is

---

[6] The motion to amend eliminated certain expenses associated with Plaintiffs' RICO claims. The RICO-related fees are addressed in Section V, *infra*.

7

No. 12-cv-411
c/w No. 15-cv-455

denied. *See King v. Midland Credit Mgmt., Inc.*, No. 11-cv-02808-CMA-BNB, 2013 WL 2236934, at *2 (D. Colo. May 21, 2013) (denying supplemental motion for fees when the moving party failed to provide a timely estimate of those fees).[7]

V

The Court now turns to the ultimate question presented by Defendants' motion: What is a "reasonable" fee for the defense of this admittedly complicated and long-litigated action? Because "Oklahoma strongly adheres to the American Rule that prevailing-party attorney fees are not recoverable in the absence of a statute or enforceable contract," the Court must take care to apply the rule strictly and authorize only those fees that are expressly recoverable under the applicable statute. *Parker v. Genson*, 2017 OK CIV APP 59, ¶ 5, 406 P.3d 585, 588; *see Lee v. Griffith*, 1999 OK 32, ¶ 5, 990 P.2d 232, 233 (stating that an award of fees is "recoverable to a prevailing party only for

---

[7] Even if the Court were to consider the supplement, the Court would not be inclined to award the costs requested. Although it was once common for firms to charge clients for the use of electronic tools, "Westlaw and LexisNexis largely have replaced physical libraries for many lawyers at law firms," and many firms "pay a monthly fee for unlimited Westlaw or LexisNexis research . . . ." *SFF-TIR, LLC v. Stephenson*, 452 F. Supp. 3d 1058, 1209 n.59 (N.D. Okla. 2020). Defendants have not explained whether and to what extent the expenses associated with electronic research were adjusted to reflect counsel's payment arrangements with Westlaw and Lexis, if any. Furthermore, the exhibit in support of the motion to supplement indicates that the invoiced amounts were "prepared based upon invoices received and paid by Hall Estill," but it does not expressly state that all of those expenses were incorporated into bills sent to and paid by Defendants, nor is it clear which portion of the expenses are attributable to work performed in connection with the moving Defendants, the fee-bearing claims, and the non-settling Plaintiffs. *See* Section V, *infra*. The Court will not award fees and expenses to Defendants without some evidence that those fees were incurred in connection with fee-bearing work performed in defense of claims brought by the Plaintiffs who are the subject of Defendants' motion, nor will it award fees without evidence that the expenses were ultimately paid by Defendants (rather than by counsel as part of the costs of doing business).

No. 12-cv-411
c/w No. 15-cv-455

the work attributable to a claim for which such fees are statutorily recoverable").

Defendants, as the moving parties, bear the burden of proving they are entitled to the fees they are requesting. *Parker*, 2017 OK CIV APP 59, ¶ 7, 406 P.3d at 589 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). To do so, they must present evidence to support the award of fees under Oklahoma's two-part test in *Burk. Id.* at ¶ 12, 406 P.3d at 591 (discussing *Burk v. City of Okla. City*, 1979 OK 115, 598 P.2d 659); *see Henderson v. Horace Mann Ins. Co.*, 560 F. Supp. 2d 1099, 1108 (N.D. Okla. 2008) (applying the *Burk* test to a state-law claim asserted in federal court). Under that test, the Court begins by multiplying counsel's hourly rate by the number of hours worked. Then, the Court determines whether a bonus or incentive fee is appropriate based upon:

> 1) time and labor required, novelty and difficulty of the questions involved, and skill requisite to properly perform the legal services;
>
> 2) if apparent to the client, the likelihood the representation will preclude other employment by the attorney;
>
> 3) customary charge in the community for similar legal services;
>
> 4) amount involved and results obtained;
>
> 5) time limitations imposed by the client or the circumstances;
>
> 6) nature and length of the professional relationship with the client;
>
> 7) the experience, reputation, and ability of the attorney performing the legal service; and
>
> 8) whether the fee is fixed or contingent.

*Parker*, 2017 OK CIV APP 59, ¶ 12, 406 P.3d at 591 (quoting *In re Adoption of Baby Boy A*, 2010 OK 39, ¶ 27, 236 P.3d 116).

9

No. 12-cv-411
c/w No. 15-cv-455

Defendants argue that they are entitled to recover over $1,600,000.00 in attorneys' fees incurred in the defense of this matter.[8] Defendants support this claim with a declaration providing information on the attorneys and paralegals who worked on this case, charts itemizing time entries for the work performed (including the identity of the biller, date, hourly rate, hours worked, total billed, and description of the work performed), and copies of the offers of judgment submitted to Plaintiffs. Dkt. 557.

Mr. Miller and his fellow Plaintiffs do not object to the rates charged by Defendants' counsel, and the Court sees no reason to reduce those rates. Based on its knowledge of the prevailing rates charged in Tulsa, Oklahoma, the complexity and protracted nature of the case, and counsel's representation that the rates reflect a reduction specific to Defendants' circumstances, the Court finds that the rates charged by Defendants' counsel are reasonable and appropriate. The Court adopts those rates in its analysis.

The Court cannot, however, accept Defendants' position that it is entitled to recover for all the hours submitted in their motion for fees. It appears that Defendants wish to recover for *all* the time their attorneys' spent on this case, without reducing that time to account for time spent on claims asserted by settling plaintiffs or work attributable to non-moving, dismissed defendants. Furthermore, although Defendants did agree to reduce their request for fees by $10,270.97 to eliminate *some* time spent on RICO-related claims, this adjustment is not sufficient to properly account for the time spent on those non-fee bearing claims.

The Court cannot award Defendants fees based on anything other than the successful defense of Plaintiffs' fee-bearing claims. *See Lee v. Griffith*, 1999 OK 32, ¶ 5, 990 P.2d 232, 233; *see also SFF-TIR, LLC v. Stephenson*, 452

---

[8] This approximation reflects Defendants' initial estimate of $1,616,477.14 minus $10,270.97 in fees associated with RICO claims.

No. 12-cv-411
c/w No. 15-cv-455

F. Supp. 3d 1058, 1199 (N.D. Okla. 2020) (recognizing that Oklahoma law requires fees to be apportioned in the absence of evidence that all the work devoted to the non-fee-bearing claim would have been incurred in connection with the fee-bearing claim, and reducing the fee award to exclude work attributable solely to securities claims). Because Defendants have not presented evidence concerning the work attributable to the non-moving defendants and the settling plaintiffs, and because Defendants have not sufficiently determined the amount of work attributable to the RICO claims, it falls to the Court to determine what portion of the hours in Defendants' motion should be charged to Plaintiffs.[9]

## A

The Court begins that determination by considering what portion of the time spent should be allocated to the defendants who are not party to this motion. Defense counsel represented not only the moving Defendants (Bullseye Energy, KRS&K, and CEP), but also several other defendants whose claims were resolved prior to trial. These former parties include Wild West Gas, LLC (terminated January 2016), Wild West Gas, Inc. (terminated January 2016), Gashoma, Inc. (terminated January 2016), Purgatory Creek Gas, Inc. (terminated January 2016), Redbird Oil (terminated January 2016), White Hawk Gas, Inc. (terminated January 2016), Robert M. Kane

---

[9] The Court is concerned by Defendants' decision to attribute all the fees set forth in their motion to Plaintiffs, particularly where some Plaintiffs did not assert any fee-bearing claims. The Court also had significant difficulty parsing the evidence to determine what hours were attributable to the fee-bearing claims asserted by Plaintiffs. Although it would have been permissible to deny fees entirely under these circumstances, the Court concludes Defendants are entitled to recover some fees and finds that a percentage-based apportionment is reasonable, fair, and appropriate way to account for dismissed claims, dismissed parties, and non-moving defendants. *See Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1254 (10th Cir. 1998) (recognizing that several circuits authorize the outright denial of fees in § 1988 cases where the request for fees is "outrageously excessive").

No. 12-cv-411
c/w No. 15-cv-455

(terminated July 2025), Louise Kane Roarke (terminated July 2025), Ann Kane Seidman (terminated July 2025), Mark Kane (terminated July 2025), Pamela Brown (terminated July 2025), and Gary Brown (terminated July 2025).[10]

The Non-Moving Defendants did not join the motion for fees filed on behalf of Bullseye Energy, KRS&K, and CEP, and none of them filed an independent request for fees. *See* Dkt. 557 at 1. Thus, only three of the fifteen defendants (or twenty percent of the parties represented by defense counsel) have requested fees under Federal Rule of Civil Procedure 54. Nevertheless, it appears that those three parties are seeking to recover one hundred percent of the fees jointly incurred during the defense of this action, even though some of those fees specifically pertain to work performed on behalf of the Non-Moving Defendants. *See* Dkt. 557-2 at 68 (August 22, 2016 billing entry for discovery/class certification discussion, preparation of corporate disclosure statement, and "Rule 11 motion regarding the Browns"); *id.* at 128 (April 29, 2025 billing entry concerning motions to dismiss on behalf of Lucas, Brown, KRS&K, and the Kane Siblings).[11]

Defendants have not provided evidence demonstrating that the moving Defendants agreed to pay the full cost of the joint defense, actually paid the full cost of the joint defense, or would have incurred that full cost in the absence of the Non-Moving Defendants' involvement. Without that

---

[10] The Court refers to these former parties, all of whom were represented by Defendants' counsel, as the "Non-Moving Defendants."

[11] Although counsel represented that the fees listed in Exhibit A to her declaration reflect "fees incurred by Defendants," it is not clear which "Defendants" incurred (or paid) those fees. Dkt. 557-1 at 9. There is no evidence of the fee arrangement between counsel, Defendants, and the Non-Moving Defendants, nor is there any indication that counsel differentiated the time spent on behalf of the Non-Moving Defendants when preparing invoices or sought to eliminate those fees from Defendants' motion. The Court will not assume, without evidence, that the moving Defendants agreed to foot the bill for the Non-Moving Defendants.

No. 12-cv-411
c/w No. 15-cv-455

evidence, the Court cannot, and will not, assume that all the fees incurred by Defendants' counsel were reasonably and appropriately incurred on behalf of *the moving* Defendants, particularly where some of the time entries plainly reflect work specific to non-moving parties. Indeed, to do so would be contrary to Oklahoma's practice of requiring the apportionment of legal fees among claims and parties. Although the Court has not found case law addressing this precise scenario, the Oklahoma Court of Civil Appeals addressed an analogous situation in *Parker v. Genson*, 2017 OK CIV APP 59, ¶¶ 5-11, 406 P.3d 585, 588-91. In that case, only one of three jointly represented defendants ultimately prevailed on the merits, while the other two settled their claims. The court held that the trial court committed reversible error when it failed to determine the portion of the attorneys' fees attributable to the sole prevailing defendant. *See id.* (reversing and remanding award of fees "to determine the proper amount of fees to be apportioned to [the prevailing defendant]"). The *Parker* court concluded that undifferentiated time entries by attorneys who represented multiple co-defendants must be apportioned so that the prevailing parties would recover only the attorneys' fees *they* incurred in *their own* defense. *Id.* at ¶ 6, 406 P.3d at 589. This Court will follow suit. *See also A. Kush & Assocs., Ltd. v. Am. States Ins. Co.*, No. 85 C 493, 1991 WL 101631, at *2 (N.D. Ill. May 31, 1991) (holding that the plaintiff "would not be entitled to all of its costs associated with every claim it made against American States, let alone any costs related solely to its claims against the [settling] co-defendant").

Rather than conduct an hour-by-hour evaluation to determine which fees should be attributed to the Non-Moving Defendants, the Court will apply a percentage reduction to Defendants' fee request. *See Laca v. United States*, No. 22-cv-00366-SEH-SH, 2024 WL 4203494, at *8 (N.D. Okla. Sept. 16, 2024) (stating that a court's "assessment of the reasonableness of hours spent on a litigation activity . . . does not have to be an hour-by-hour

No. 12-cv-411
c/w No. 15-cv-455

evaluation"). Here, the moving Defendants make up twenty percent of the parties jointly represented by their counsel. But an eighty-percent across-the-board reduction would be excessive. Six of the Non-Moving Defendants were dismissed from this action in 2016 (relatively early in the case given the unusual length of this action), and it would be inappropriate to attribute fees to them on a pro rata basis. And, even with the remaining six Non-Moving Defendants (all of whom were heavily involved in this action until the months prior to trial, when the claims against them were resolved by summary judgment) a straight, pro-rata adjustment would not reflect the reality that much of the work performed by Defendants' counsel would have been performed even if some of the Non-Settling Defendants had never been sued. The Court, taking all these realities into account, concludes that a forty-percent across-the-board reduction in the requested fees fairly approximates the work that is allocable to the twelve Non-Moving Defendants. The Court will reduce the requested fee amounts accordingly.

B

Of course, the Court's determination that sixty percent of the requested fees are *allocable* to Defendants does not mean that all those fees are *recoverable* by Defendants. Defendants face several obstacles to recovering the fees apportioned to them: First, Defendants have not presented evidence supporting an award of attorneys' fees against Ms. Lucas. Second Defendants seek to recover for work performed in defense of non-fee-bearing claims. Third, Defendants seek to recover for work undertaken in defense of claims asserted by parties other than Plaintiffs. Finally, Defendants seek to recover for time spent on tasks that are ministerial and clerical in nature. All four issues affect Defendants' recovery.

1

To begin, the Court is concerned that Defendants requested over $1.5 million in attorneys' fees from Barbara Lucas. By Defendants' own

No. 12-cv-411
c/w No. 15-cv-455

admission, Ms. Lucas failed to respond to discovery, failed to respond to notices regarding the case, failed to file required documents, and failed to participate in this lawsuit for "several years" prior to trial. Dkt. 468. Defendants have not explained why they spent over a million dollars in legal fees as a result of Ms. Lucas's participation in this matter. The Court concludes, based on the record and the itemized list provided by Defendants, that Ms. Lucas's role in this lawsuit was minimal. Even if Defendants are entitled to prevailing party status based on Ms. Lucas's failure to appear (an issue that Defendants do not address in substance),[12] they have failed to present any evidence or argument explaining why a woman who could not be reached by her counsel, failed to respond to discovery, and had "not participated in this case in several years" should be forced to pay $1.5 million for the defense of claims she failed to prosecute. Defendants' request for fees from Ms. Lucas is unsupported by the evidence, and the Court denies the request.

2

With respect to the amounts requested from Mr. and Mrs. Miller, Mr. Smith, Ms. Parker, Mr. and Mrs. Enloe, and Mr. Baily, the Court must adjust Defendants' request for fees to exclude any time spent in connection with non-fee-bearing RICO claims. Defendants recognize this to a point, even going so far as to request a $10,270.97 reduction to eliminate some fees associated with their defense of the RICO claims. But Defendants' proposed reduction does not go far enough: Defendants only seek to eliminate costs incurred between 2022 and 2025. But Plaintiffs' RICO claims were asserted far earlier. *Compare* Dkt. 567-1 (setting forth time entries associated with work performed between 2022 and 2025), *with* Dkt. 557-2 at 33 (referencing RICO-related work in March 2015), *and* Dkt. 152 (amending allegations to include RICO claims in 2015). Furthermore, it appears that Defendants accounted

---

[12] Ms. Lucas's claims were initially dismissed without prejudice for failure to prosecute. Final judgment against Ms. Lucas was entered on January 22, 2022.

No. 12-cv-411
c/w No. 15-cv-455

for RICO-related expenses simply by searching (some) time entries for the term "RICO." It does not appear that Defendants undertook any analysis to determine what portion of the general time entries should be allocated to the RICO claims, even though some of those entries are clearly associated with those claims. *E.g.,* Dkt. 557-2 at 126-132 (containing numerous entries pertaining to motions for summary judgment without differentiating between claims being addressed); Dkt. 557-2 at 49 (reflecting time entries for "new Jeter lawsuit").

"[W]here prevailing-party attorney fees are authorized for only some of the claims in a multifaceted case, the award of fees must properly reflect a segregation of the time spent on issues for which attorney fees are authorized from time spent on other issues for which there is no authority for the award of such fees." *Silver Creek Invs., Inc. v. Whitten Const. Mgmt., Inc.,* 2013 OK CIV APP 49, ¶ 13, 307 P.3d 360, 365. Thus, the Court must exclude the work performed on the RICO-claims from its award of fees. Unfortunately, the Court has little evidence from which it can make this exclusion because the time entries are too vague to permit the Court to determine what work is allocable to the RICO claims, what work is allocable to the contract and fraud claims,[13] and what work is attributable to all three. Courts in similar circumstances have applied percentage-based cuts to exclude attorneys' fees

---

[13] Plaintiffs did not argue that work associated with the fraud and accounting claims must be excluded from the requested fee award. There may be an argument that they should be. Nevertheless, after reviewing the briefing and trial submissions and hearing the evidence presented at trial, the Court concludes that the work performed in connection with the contract-based claims overlaps almost entirely with the work performed in connection with the fraud and accounting claims. To the extent the fraud and accounting claims required additional work by counsel, that work was likely minimal, and is encompassed by the reduction taken for the RICO claims. There is no need for an additional downward adjustment to account for work specific to the fraud or accounting claims. *See Jackson v. Gaspar,* No. 2:19-cv-10450-DOC-E, 2022 WL 2155975, at *7 (C.D. Cal. Feb. 24, 2022) (declining to apportion costs for claims that rested on virtually identical facts and were "too similar to apportion").

16

No. 12-cv-411
c/w No. 15-cv-455

attributable to non-fee-bearing claims. *E.g., Jackson v. Gaspar*, No. 2:19-cv-10450-DOC-E, 2022 WL 2155975, at \*6-\*8 (C.D. Cal. Feb. 24, 2022) (reducing the lodestar amount by thirty percent to "apportion out claims for which attorneys' fees may not be recoverable" where the prevailing party failed to differentiate between the time spent on fee-bearing claims). This Court will do the same.

The Court begins with the time spent on the claims asserted by James Enloe, Carolyn Enloe, and Scott Baily. None of the work performed with respect to those Plaintiffs is associated with fee-bearing claims. As noted in this Court's order disposing of the case, Mr. Enloe, Ms. Enloe, and Mr. Baily *only asserted RICO claims* against Defendants. *See* Dkt. 555 at 10. They did not assert the fee-bearing claims that survived summary judgment, which is why their claims were dismissed prior to trial. *Id.* It would not be appropriate for this Court to award fees to Defendants under the circumstances in this case, and it is surprising that counsel for Defendants would make such a request. Defendants' requests for fees against Mr. Enloe, Ms. Enloe, and Mr. Baily are denied.

This leaves only Defendants' request for fees against James Miller, Sharon Miller, Larry Smith, and Janice Parker. The Court finds that fifty percent of the attorney time attributable to Defendants should be allocated to the RICO claims, and the remaining fifty percent should be allocated to the fee-bearing claims. This reduction is warranted because the billing details provided by Defendants indicate that counsel spent significant time on RICO-specific research. *See generally* Dkt. 557-2. Further, one of the two class-action lawsuits at issue in this consolidated action dealt solely with RICO claims, and RICO claims were asserted by the purported classes in both cases. Although no classes were certified, RICO claims remained pending against Defendants until the motions for summary judgment were resolved. A large portion of the summary-judgment briefs was devoted to the RICO claims, and

17

No. 12-cv-411
c/w No. 15-cv-455

for the vast majority of the litigation, RICO claims represented more than half of the claims asserted against Defendants. Those claims were financially significant because they carried the possibility of treble damages. Finally, some of Defendants' time entries relate to work unique to Mr. Enloe, Ms. Enloe, and Mr. Bailey, all of whom asserted only RICO claims. *E.g.,* Dkt. 557-2 at 118 (detailing discovery specific to Mr. Enloe, Mrs. Enloe, and Mr. Baily). Under these circumstances, and in view of Defendants' failure to present a proposed apportionment that accurately accounts for the time spent on the RICO claims, the Court cannot say with certainty that Defense counsel spent more than half of their time on fee-bearing claims. Accordingly, the Court will reduce the fees allocated to Mr. Miller, Ms. Miller, Mr. Smith, and Ms. Parker by half.

3

Next, the Court will reduce the allocation once again to reflect the time spent on claims asserted by Kevin and Joe Jeter, who settled their claims prior to trial. Dkt. 498. Once again, Defendants were required to account for the time allocable to the Jeters, or present evidence why the time should not be reduced to account for the Jeters' claims. *E.g., C-P Integrated Servs., Inc. v. Muskogee City-Cnty. Port Auth.,* 2009 OK CIV APP 57, ¶ 34, 215 P.3d 835, 841 (affirming reduced award of fees when it was "clear that some of the legal fees were incurred in the prosecution of . . . claims against URS, the project engineer, with whom CPI settled prior to trial"). Once again, Defendants failed to meet that burden.

The Court has reviewed the record and concludes that, for a time, the interests of the Jeters and the Millers were aligned, and the time spent on the Millers' claims would have been spent regardless of the Jeters' participation in this action. Eventually, however, the Jeters' interests and the Millers' interests diverged. The billing records show that Defendants' counsel performed work specific to the Jeters, not the Millers, and Defendants' fee

18

No. 12-cv-411
c/w No. 15-cv-455

request encompasses time spent on that work. *E.g.,* Dkt. 557-2 at 74 (reflecting time entries for "Jeter's request for meeting" and conference with Jeters); *id.* at 121-123 (containing multiple entries specific to Jeters, including determination of damages specific to those plaintiffs). Plaintiffs should not be required to pay for work that is attributable to other parties who have settled their claims.[14] Defendants have made no attempt to apportion the time attributable to the Jeters, so the Court must do so. The Court has reviewed the evidence and concludes that an additional fifteen-percent reduction is appropriate to account for the time attributable to the settling plaintiffs.

4

Finally, the Court has identified a number of billing entries that reflect ministerial tasks. *E.g.,* Dkt. 557-2 at 114-123 (reflecting time entries for downloading and transmitting pleadings and paying invoices). Time spent on clerical work cannot be recovered in a motion for attorneys' fees. *See Taylor v. Chubb Grp. of Ins. Companies,* 1994 OK 47, ¶ 13, 874 P.2d 806, 809 (recognizing that charges for "time spent in copying documents and in doing other secretarial tasks, rather than substantive legal work," could not be charged as attorneys' fees). The Court has reviewed the exhibit and concludes that a five-percent reduction is an appropriate estimation of time spent on clerical tasks.

---

[14] It is an interesting point—but not a material one—that Plaintiffs' involvement in this case may have worked to Defendants' overall benefit, at least on paper. The Jeters, on behalf of the class, would have settled this case in 2018 for concessions valued between $1.5 and $3.1 million dollars. Under that agreement, the defendants would have paid a portion of the plaintiffs' attorneys fees and borne their own. Mr. Miller and the Plaintiffs opposed the settlement, which ultimately fell through. *See* Dkt. 324. The proposed classes were not certified, Defendants settled with the Jeters for an undisclosed amount, and Plaintiffs took nothing. Of course, there is no crystal ball that we can use to determine what would have happened in Plaintiffs' absence, but it may be that Plaintiffs saved Defendants' money by litigating this action, and are now, quite literally, paying for it.

No. 12-cv-411
c/w No. 15-cv-455

C

After applying the reductions set forth above, the Court determines the appropriate base fee award under the first step of the *Burk* analysis to be as follows:

| Plaintiff | Original Request | Reduced Award |
|---|---|---|
| Mr. & Mrs. Miller | $ 1,616,477.14 | $ 391,591.59 |
| Larry Smith | $ 1,577,408.22 | $ 382,127.14 |
| Janice Parker | $ 1,577,408.22 | $ 382,127.14 |
| Mr. & Mrs. Enloe | $ 1,418,535.49 | $ - |
| Scott Baily | $ 1,418,535.49 | $ - |
| Barbara Lucas | $ 1,533,672.80 | $ - |

The Court now considers whether any of the factors in *Burk* warrant an increase or decrease in the fee award. *Parker v. Genson*, 2017 OK CIV APP 59, ¶ 12, 406 P.3d 585, 591. The Court finds no evidence to support an increase based on the time, labor, novelty or difficulty of questions, or skill involved; the likelihood that representation would preclude other employment; the charges customary for similar services; the amount involved and the results obtained; time limitations; counsel's relationship with the client; the experience or reputation of counsel; or the fee arrangement between client and counsel. *Id.*

The Court does, however, note that Defendants' counsel engaged in a substantial amount of block billing. *E.g.,* Dkt. 557-2 at 118 (reflecting multiple block-billed entries that fail to permit meaningful review of the time spent on specific tasks). Counsel's block-billing greatly impaired the Court's ability to determine what tasks should be allocated to Plaintiffs. Because Defendants, not Plaintiffs, should bear the risks associated with counsel's billing practices, the Court will apply a further ten-percent reduction to the calculated fee

20

No. 12-cv-411
c/w No. 15-cv-455

award. *E.g., Folsom v. Century Life Assurance Co.*, 2021 OK CIV APP 50, ¶ 12, 502 P.3d 1121, 1125.[15]

When this reduction is applied, the resulting fee awards are as follows:

| Plaintiff | Original Request | Final Award |
|---|---|---|
| Mr. & Mrs. Miller | $ 1,616,477.14 | $ 352,432.43 |
| Larry Smith | $ 1,577,408.22 | $ 343,914.43 |
| Janice Parker | $ 1,577,408.22 | $ 343,914.43 |
| Mr. & Mrs. Enloe | $ 1,418,535.49 | $ - |
| Scott Baily | $ 1,418,535.49 | $ - |
| Barbara Lucas | $ 1,533,672.80 | $ - |

The Court notes that Mr. Miller, Mrs. Miller, Mr. Smith, and Ms. Parker are not each required to pay the full fee amount listed above. The Court finds that Defendants may recover *up to* $352,432.43 collectively from Mr. Miller, Mrs. Miller, Mr. Smith, and Ms. Parker. Of that amount, *only* $343,914.43 may be recovered from Larry Smith or Janice Parker.

## VI

Having resolved Defendants' motion for fees based on their status as prevailing parties, the Court next turns to CEP's request to recover $90,091.27 for the attorney fees it incurred following an offer of judgment under Okla. Stat. tit. 12 § 1101.1.B. *See* Dkt. 557 at 18. Under that statute, CEP may recover the "reasonable litigation costs and reasonable attorney fees" it incurred after the date of its offer of judgment. *See* Okla. Stat. tit. 12 § 1101.1.B.

---

[15] The Court notes that reductions as high as twenty percent have been applied in cases where vague, block-billed time entries prevent courts from determining time spent on specific tasks. The Court concludes that a ten-percent reduction is appropriate in this case, particularly given the fact that the lack of billing clarity has already resulted in some percentage-based adjustments.

No. 12-cv-411
c/w No. 15-cv-455

Although CEP is entitled to recover under § 1101.1.B, that statute does not create a right of double recovery. CEP has already received an award of attorneys' fees as the prevailing party on a fee-bearing claim. CEP has presented no evidence or argument that the fees it is requesting under § 1101.1.B are not accounted for by the Defendants' joint motion for fees. The Court concludes that, to the extent CEP's attorneys' fees following the offer of judgment are both reasonable and allocable to CEP's defense of the claims asserted by the Millers, Mr. Smith, and Ms. Parker, those fees have already been awarded to CEP under Defendants' joint motion for fees.[16] *See Lunn v. Cont'l Motors, Inc.*, 2025 OK 29, ¶ 9, 568 P.3d 589, 592 (recognizing that a defendant filing an offer of judgment may recover reasonable attorneys' fees). An additional award of fees is not warranted.

## VII

For the reasons stated above, Defendants' motion to amend their motion for attorneys' fees [Dkt. 567] is denied. Their motion for attorneys' fees [Dkt. 557] is granted in part. Defendants are entitled to recover $352,432.43 collectively from Mr. Miller, Mrs. Miller, Mr. Smith, and Ms. Parker. Of that amount, Mr. Smith and Ms. Parker are responsible for no more than $343,914.43.

DATED this 17th day of June 2026.

JOHN D. RUSSELL
*United States District Judge*

---

[16] Because the offer of judgment was made following the resolution of Defendants' motions for summary judgment and the subsequent motions to reconsider, none of the work performed after that date concerned RICO claims. There is therefore no need to consider whether any of the time spent on the RICO claims that was excluded from Defendants' joint request could nevertheless be recovered under § 1101.1.B.